Anthony Martino
P.O Box 5558
Buffalo Grove, IL 60089
224-900-7695
tonymartinomusic@gmail.com
Plaintiff

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANTHONY MARTINO,<br><br>               Plaintiff,<br><br>vs.<br><br>INTERNET ARCHIVE<br><br>               Defendant. | Case No.: 3:25-cv-10538-RFL<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE OF PROCESS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: February 3, 2026<br>Time: 10:00AM<br>Judge: Hon. Rita F. Lin<br>Courtroom: 15 (18th Floor) |

**NOTICE OF MOTION AND MOTION FOR ALTERNATIVE SERVICE**

    PLEASE TAKE NOTICE THAT, on February 3, 2026, at 10:00 a.m., before the Honorable Rita F. Lin, Courtroom 15, 18th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102, Plaintiff Anthony Martino will and hereby does move this Court for an order

authorizing alternative means of service of process on Defendant Internet Archive. This motion is made pursuant to Federal Rule of Civil Procedure 4(h)(1) and 4(e)(1) and California law governing substitute and alternative service. The motion is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently filed declarations of process server Vladimir Kagarlitskiy and Plaintiff Anthony Martino, the exhibits thereto, and all other matters properly before the Court.

## ISSUES TO BE DECIDED

- Whether Defendant's registered agent made personal service impracticable;
- Whether Defendant had actual notice of this action;
- Whether service by email and certified mail is reasonably calculated to provide notice under Rule 4.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff respectfully submits this memorandum of law in support of his motion for alternative service of process.

### I.    INTRODUCTION

Defendant Internet Archive has made personal service of process impracticable by designating a registered agent, Chris Butler, who is located behind its secured headquarters facility in San Francisco, refusing to permit substitute service on-site, and conditioning acceptance of service on contact by plaintiff's counsel, despite Plaintiff's pro se status. After multiple diligent attempts at service at Defendant's registered address by a professional process server throughout December of 2025, Defendant's in-house counsel, Peter Routhier, acknowledged the existence of this action via email to Plaintiff on December 23, 2025, and stated that he does not expect anyone to be available to accept service any time soon while also proposing a waiver of service under Rule 4(d). These circumstances satisfy both the Federal Rules of Civil Procedure and California law for court-ordered alternative service. Plaintiff therefore seeks an order authorizing service by email to Defendant's listed registered agent Chris Butler and its in-house counsel, as well as by certified mail to Defendant's registered office (its

principal headquarters in San Francisco), methods that are reasonably calculated to provide prompt and actual notice of this lawsuit.

Although Defendant's in-house counsel has offered a waiver of service under Rule 4(d), that offer was made only after Defendant's registered agent and employees had already made personal service impracticable by maintaining a secured facility, refusing substitute service, and conditioning acceptance of service on contact by plaintiff's counsel, despite knowing Plaintiff is proceeding pro se. Moreover, Plaintiff had already incurred the expense of multiple process service attempts and Rule 4(d) does not require a plaintiff to abandon completed service efforts or absorb unnecessary costs caused by a defendant's unavailability. Nor does a belated waiver proposal retroactively cure Defendant's refusal to make its registered agent reasonably available for service. Under these circumstances, Defendant's waiver offer does not defeat a finding that alternative service is warranted.

## II.    LEGAL STANDARD

A domestic corporation may be served in a federal action by any method permitted by the law of the state in which the district court is located. Fed. R. Civ. P. 4(h)(1)(A); Fed. R. Civ. P. 4(e)(1). Because this action is pending in the Northern District of California, California law governs the availability of substitute and court-ordered alternative service. Under California law, personal service on a defendant is the preferred method of service, but where personal service is impracticable, courts may authorize substitute or alternative methods of service that are reasonably calculated to give actual notice. Cal. Civ. Proc. Code §§ 415.20, 415.30, 415.50. Impracticability does not require a showing that service is impossible; it requires only a showing that reasonable diligence in attempting personal service has been exercised without success. *See Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1136 (1996). Federal courts have broad discretion to authorize alternative service under Rule 4(h) and Rule 4(e) when a defendant's conduct or circumstances render personal service impracticable and the proposed method of service is reasonably calculated to apprise the defendant of the action. *See, e.g.*, *Seaboard Marine Ltd. v. Magnum Freight Corp.*, 2017 WL 7796153 (S.D. Fla. Sept. 21, 2017); ECHO

1  *Health, Inc. v. Echo Payments*, Case No. 0:23-cv-00741 (D. Minn. May 25, 2023). Due process

2  is satisfied so long as the chosen method is reasonably likely to provide actual notice and an

3  opportunity to respond. *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016–17

4  (9th Cir. 2002) (approving alternative service methods so long as they are reasonably calculated

5  to provide notice and satisfy due process). When a defendant has actual notice of a lawsuit and a

6  plaintiff has made diligent but unsuccessful attempts to effect personal service, courts have broad

7  discretion to authorize service by electronic mail, mail, or other means designed to reach the

8  defendant. *See Rio Properties*, 284 F.3d at 1017 (authorizing service by email where defendants

9  had actual notice and traditional service was impracticable). The purpose of Rule 4 is not to erect

10 technical obstacles to adjudication but to ensure that defendants receive fair notice of claims

11 against them.

### III.     APPLICATION OF LAW TO FACTS

Per the California Secretary of State, Defendant Internet Archive has designated an individual named Chris Butler as its agent for service of process, with the listed address for that agent as 300 Funston Ave., San Francisco, CA 94118 (Defendant's principal place of business). However, Defendant has made personal service of process impracticable within the meaning of Rule 4 and California law. Plaintiff retained a professional process server, Vladimir Kagarlitskiy, who made multiple diligent attempts to serve Mr. Butler at Defendant's registered address between December 11 and December 22, 2025. (Kagarlitskiy Decl. ¶ 2). Each time, the process server was unable to complete service because the facility is secured, access was restricted, and Defendant's personnel refused to answer the doorbell or otherwise accept substitute service or make the registered agent reasonably available. (Id.)

On the most recent attempt on December 22, 2025, Mr. Kagarlitskiy managed to make on-site contact with one of Defendant's staff members who then contacted Mr. Butler by telephone, but he refused to personally appear to accept service or authorize service to any other employees, and later insisted via text message to Mr. Kagarlitskiy that plaintiff's counsel coordinate acceptance with him directly. (Kagarlitskiy Decl. ¶ 2). These facts demonstrate

- 4 -

Plaintiff's Motion for Order Authorizing Alternative              Case No: 3:25-cv-10538-RFL
Service of Process

reasonable diligence by the process server and establish that personal service was not merely inconvenient, but impracticable.

Plaintiff did everything Rule 4 requires: he retained a licensed process server, attempted service repeatedly at Defendant's registered address, and attempted to serve the designated agent directly. (Id.) Defendant's decision to have its registered agent operate from behind a secured facility and refuse substitute service cannot be used to defeat service and delay this case. Under Rule 4 and California law, these circumstances warrant court-ordered alternative service. Defendant also has actual notice of this lawsuit, as its in-house counsel, Peter Routhier, emailed Plaintiff on December 23, 2025 acknowledging the existence of this action and discussing service of process, including proposing a waiver of service under Rule 4(d). (Martino Decl. ¶¶ 2–4; Ex. A.).

Mr. Routhier also stated in his email of December 23, 2025 that he did not expect anyone to be available to accept service any time soon. (Martino Decl. ¶ 3; Ex. A.). Defendant therefore cannot plausibly claim lack of notice or surprise. Plaintiff's proposed methods of service are reasonably calculated to provide prompt and actual notice. Defendant has already communicated through its in-house counsel by email since the filing of this lawsuit. (Martino Decl. ¶¶ 2–6; Ex. A.). Defendant's registered agent and counsel are both known, identified individuals with known email addresses, and Defendant's headquarters address is known and undisputed. Service by email to Defendant's registered agent and in-house counsel, combined with certified mail to Defendant's registered office, will ensure that Defendant receives notice in multiple, redundant ways. These methods are far more likely to provide actual notice than continued attempts at physical delivery to a secured building where Defendant has refused access. Because Defendant has made personal service impracticable, has actual notice of this lawsuit, and can be readily reached by the proposed alternative methods, an order authorizing service by email and certified mail is fully consistent with Rule 4, California law, and due process.

- 6 -

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the Motion and authorize service by email on Defendant's registered agent, Chris Butler, and in-house counsel, Peter Routhier, and by certified mail to Defendant's registered office.

DATED: December 30th, 2025                                                       Respectfully Submitted,

                                                                                                          /s/Anthony Martino
                                                                                                          Anthony Martino
        Plaintiff
        P.O Box 5558
        Buffalo Grove, IL 60089
        224-900-7695
        tonymartinomusic@gmail.com