Peter M. Routhier (CA SBN 342879)
*prouthier@archive.org*
Internet Archive
300 Funston Ave.
San Francisco, CA 94118
Telephone: (415) 561-6767

*Attorney for Defendant
Internet Archive*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTHONY MARTINO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>INTERNET ARCHIVE, a California 501(c)(3) non-profit organization,<br><br>Defendant. | Case No. 3:25-cv-10538-RFL<br><br>**DEFENDANT INTERNET ARCHIVE'S ANSWER TO PLAINTIFF ANTHONY MARTINO'S FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

# ANSWER

Defendant Internet Archive ("IA" or "Defendant), by and through its attorneys, hereby submits the following Answer to the First Amended Complaint ("FAC") (Dkt. No. 16) of Plaintiff Anthony Martino's ("Martino" or "Plaintiff"). The headings contained in the FAC are not substantive allegations to which an answer is required, and to the extent that the headings are repeated in this Answer, it is solely for ease of reference; to the extent the headings require a response, they are denied. The screenshots contained in the FAC are not substantive allegations to which an answer is required; to the extent any response is required, Defendant lacks knowledge or information as to the screenshots and their source and authenticity and on that basis denies them. If any allegation is not expressly admitted, it is denied. Defendant answers the allegations in the FAC as follows:

## NATURE OF THE ACTION

1. Defendant admits Plaintiff brings this civil action seeking damages for alleged copyright infringement. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's alleged copyrighted works and on that basis denies them. Defendant denies the remaining allegations in Paragraph 1.

1(b). Defendant admits Plaintiff asserts a claim for contributory copyright infringement. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations about third parties in Paragraph 1(b) and on that basis denies them. Defendant denies the remaining allegations in Paragraph 1(b).

2. Defendant denies infringement. Defendant lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 2 and on that basis denies them.

2(b). Defendant lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 2(b) and on that basis denies them.

## PARTIES

3. Admitted.

3(b). Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3(b) and on that basis denies them.

4. Admitted.

4(b). Internet Archive admits that it is a library. Internet Archive admits that it operates the website archive.org. Defendant admits that archive.org offers access to certain materials in digital form without charging a fee including certain websites, software, sound recordings, and print materials. Defendant admits that the Wayback Machine allows users to access certain archival website records. Defendant admits that archive.org includes the mission statement "Universal Access to All Knowledge." Defendant denies the remaining allegations in Paragraph 4(b).

## JURISDICTION AND VENUE

5. Defendant admits that this Court has federal question jurisdiction over Plaintiff's claims of putative copyright infringement.

6. Denied.

7. Defendant admits that venue is proper in this district.

8. Denied.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and on that basis denies them.

10. Defendant denies that Plaintiff is entitled to statutory damages or attorney's fees. Defendant lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 10 and on that basis denies them.

## FACTUAL BACKGROUND

11. Defendant admits that MySpace was a large social networking website operating at times including between 2003 and 2010. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and on that basis denies them.

12. Defendant admits that MySpace has at certain times allowed users to voluntarily upload digital copies of their sound recordings. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and on that basis denies them.

13. Defendant admits that MySpace has at certain times allowed users to voluntarily upload digital copies of their sound recordings and allowed third parties to permanently download copies of those recordings. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and on that basis denies them.

14. Defendant denies that any license granted as a result of uploading recordings to MySpace was fully and immediately revocable. Defendant denies that any license granted as a result of uploading recordings to MySpace did not allow for distribution of the recordings to third parties for use outside MySpace's immediate online platform. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and on that basis denies them.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and on that basis denies them.

15(b). Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15(b) and on that basis

denies them.

15(c). Defendant denies that Plaintiff did not provide a license or permission to make recordings available. Defendant denies that Plaintiff did not make any of the recordings and musical compositions at issue in this suit publicly available on MySpace. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15(c) and on that basis denies them.

16. Defendant admits that the article attached as Exhibit 2 includes a statement from MySpace regarding an error causing a loss of sound recordings; the article and statement speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and on that basis denies them.

17. Defendant admits that Jason Scott is an employee working as an archivist for the Internet Archive. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and on that basis denies them.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 18 and on that basis denies them.

19. Defendant admits that the comment section of the MySpace collection includes the quoted statement. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 19 and on that basis denies them.

20. Defendant admits that the MySpace MP3 files were transmitted to Defendant by an anonymous party or parties and stored at their direction on archive.org. Defendant admits that the title of the website http://archive.org/details/myspace_dragon_hoard_2010 is "The Myspace

Dragon Hoard (2008-2010)." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the resolution and other specific details of the MP3 files and on that basis denies them. Defendant denies the remaining allegations of Paragraph 20.

20(b).   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20(b) and on that basis denies them.

21.   Denied, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the specific details of the MP3 files and on that basis denies them.

22.   Defendant admits that certain items in the MySpace MP3 collection have been available to the general public for free download via multiple download options. Defendant denies that Plaintiff has identified eleven works. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and on that basis denies them.

23.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and on that basis denies them.

24.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and on that basis denies them.

24(b).   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24(b) and on that basis denies them.

24(c).   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24(c) and on that basis denies them.

25. Defendant denies that it created and launched www.lostmyspace.com. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and on that basis denies them.

25(b). Defendant admits that lostmyspace.com was developed by third parties. Defendant denies the remaining allegations in Paragraph 25(b).

25(c). Defendant denies direct involvement in building tools specifically designed to enable infringement. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25(c) and on that basis denies them.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and on that basis denies them.

27. Defendant denies that Plaintiff did not ever make any of his works available to the general public for free permanent download on MySpace. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 and on that basis denies them.

28. Defendant denies that Plaintiff did not ever make any of his works available in any capacity anywhere in the world including on MySpace. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and on that basis denies them.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis denies them.

30. Denied, except Defendant admits that information about Defendant's copyright agent is available on Defendant's website.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis denies them.

32. Denied, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations about and in the USPS website and on that basis denies them.

33. Defendant admits that Plaintiff sent an email to info@archive.org in January 2025, and that info@archive.org is listed on archive.org as a way to contact Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 33 and on that basis denies them.

34. Defendant admits that Chris Butler, Office Manager, emailed Plaintiff on January 28, 2025 confirming that access to the songs/files had been disabled. Defendant denies the remaining allegations in Paragraph 34.

## ADDITIONAL INFRINGEMENTS INVOLVING 24 MUSICAL COMPOSITIONS AND 24 SOUND RECORDINGS

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and on that basis denies them.

35(b). Defendant admits that ArchiveCD is a tool used by IA for digitization. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the in Paragraph 35(b) and on that basis denies them.

35(c). Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35(c) and on that basis denies them.

35(d). Defendant lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 35(d) and on that basis denies them.

      35(e).  Denied.

      35(f). Denied.

      36.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and on that basis denies them.

      36(b).    Denied, except Defendant admits that some pages on its website have included the text "available with audio samples only".

      37.    Denied.

      38.    Denied, except Defendant admits that some accounts have elevated privileges.

      38(b).    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38(b) and on that basis denies them.

      39.    Denied, except to the extent Plaintiff incorporates its allegations in Paragraphs 20-22, Defendant incorporates its responses to Paragraphs 20-22 as if fully set forth herein.

      40.    Denied, except Defendant admits that the url is of a YouTube video which includes comments from Defendant's founder which are not accurately characterized in Paragraph 40.

      41.    Denied, except Defendant admits that the identified letter was sent to Brewster Kahle, and the letter speaks for itself.

      42.    Denied.

      42(b).    Denied.

      42(c).    Denied.

      43.    Denied.

      44.    Denied.

45. Denied, except Defendant admits that as a 501(c)(3) nonprofit public charity it accepts and receives monetary donations from the general public.

46. Denied, except Defendant admits that its former Director of Finance Jacques Cressaty testified under oath in an unrelated matter, and that his testimony speaks for itself.

47. Denied, except Defendant admits that it occasionally displays banners requesting donations.

47(b). Denied.

48. Denied.

49. Denied, except Defendant admits that the "Views" for the MySpace collection is in excess of 200,000.

50. Denied, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the actions of "some members of the general public" and on that basis denies them.

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and on that basis denies them.

52. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, which also contain legal conclusions to which no response is required, and on that basis denies them.

52(b). Denied.

53. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and on that basis denies them.

54. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and on that basis denies them.

55. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and on that basis denies them.

56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and on that basis denies them.

57. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and on that basis denies them.

58. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and on that basis denies them.

59. Denied.

60. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and on that basis denies them.

61. Denied.

62. Denied.

63. Denied, except Internet Archive admits that it is a library.

64. Denied.

65. Denied.

65(b). Denied.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### Infringing Reproduction against IA

66. Defendant repeats and realleges all preceding paragraphs as if fully set forth herein.

67. Paragraph 67 contains legal conclusions to which no response is

required. To the extent a response is required, denied.

68. Paragraph 68 contains legal conclusions to which no response is required. To the extent a response is required, denied.

69. Paragraph 69 contains legal conclusions to which no response is required. To the extent a response is required, denied.

70. Paragraph 70 contains legal conclusions to which no response is required. To the extent a response is required, denied.

71. Paragraph 71 contains legal conclusions to which no response is required. To the extent a response is required, denied.

72. Paragraph 72 contains legal conclusions to which no response is required. To the extent a response is required, denied.

73. Paragraph 73 contains legal conclusions to which no response is required. To the extent a response is required, denied.

## SECOND CAUSE OF ACTION

## Infringing Public Performance by Means of a Digital Audio Transmission against IA

74. Defendant repeats and realleges all preceding paragraphs as if fully set forth herein.

75. Paragraph 75 contains legal conclusions to which no response is required. To the extent a response is required, denied.

76. Paragraph 76 contains legal conclusions to which no response is required. To the extent a response is required, denied.

77. Paragraph 77 contains legal conclusions to which no response is required. To the extent a response is required, denied.

78. Paragraph 78 contains legal conclusions to which no response is required. To the extent a response is required, denied.

79. Paragraph 79 contains legal conclusions to which no response is required. To the extent a response is required, denied.

80. Paragraph 80 contains legal conclusions to which no response is required. To the extent a response is required, denied.

81. Paragraph 81 contains legal conclusions to which no response is required. To the extent a response is required, denied.

## THIRD CAUSE OF ACTION

### Infringing Distribution against IA

82. Defendant repeats and realleges all preceding paragraphs as if fully set forth herein.

83. Paragraph 83 contains legal conclusions to which no response is required. To the extent a response is required, denied.

84. Paragraph 84 contains legal conclusions to which no response is required. To the extent a response is required, denied.

85. Paragraph 85 contains legal conclusions to which no response is required. To the extent a response is required, denied.

86. Paragraph 86 contains legal conclusions to which no response is required. To the extent a response is required, denied.

87. Paragraph 87 contains legal conclusions to which no response is required. To the extent a response is required, denied.

88. Paragraph 88 contains legal conclusions to which no response is required. To the extent a response is required, denied.

89. Paragraph 89 contains legal conclusions to which no response is required. To the extent a response is required, denied.

## FOURTH CAUSE OF ACTION

### Infringing Public Display against IA

90. Defendant repeats and realleges all preceding paragraphs as if fully set forth herein.

91. Paragraph 91 contains legal conclusions to which no response is

required. To the extent a response is required, denied.

92. Paragraph 92 contains legal conclusions to which no response is required. To the extent a response is required, denied.

93. Paragraph 93 contains legal conclusions to which no response is required. To the extent a response is required, denied.

94. Paragraph 94 contains legal conclusions to which no response is required. To the extent a response is required, denied.

95. Paragraph 95 contains legal conclusions to which no response is required. To the extent a response is required, denied.

96. Paragraph 96 contains legal conclusions to which no response is required. To the extent a response is required, denied.

97. Paragraph 97 contains legal conclusions to which no response is required. To the extent a response is required, denied.

## FIFTH CAUSE OF ACTION

### Infringing Derivative Work against IA

98. Defendant repeats and realleges all preceding paragraphs as if fully set forth herein.

99. Paragraph 99 contains legal conclusions to which no response is required. To the extent a response is required, denied.

100. Paragraph 100 contains legal conclusions to which no response is required. To the extent a response is required, denied.

101. Paragraph 101 contains legal conclusions to which no response is required. To the extent a response is required, denied.

102. Paragraph 102 contains legal conclusions to which no response is required. To the extent a response is required, denied.

103. Paragraph 103 contains legal conclusions to which no response is required. To the extent a response is required, denied.

104. Paragraph 104 contains legal conclusions to which no response is

required. To the extent a response is required, denied.

105. Paragraph 105 contains legal conclusions to which no response is required. To the extent a response is required, denied.

## SIXTH CAUSE OF ACTION

### Contributory Infringement against IA

106. Defendant repeats and realleges all preceding paragraphs as if fully set forth herein.

107. Paragraph 107 contains legal conclusions to which no response is required. To the extent a response is required, denied.

108. Paragraph 108 contains legal conclusions to which no response is required. To the extent a response is required, denied.

109. Paragraph 109 contains legal conclusions to which no response is required. To the extent a response is required, denied.

110. Paragraph 110 contains legal conclusions to which no response is required. To the extent a response is required, denied.

111. Paragraph 111 contains legal conclusions to which no response is required. To the extent a response is required, denied.

112. Paragraph 112 contains legal conclusions to which no response is required. To the extent a response is required, denied.

113. Paragraph 113 contains legal conclusions to which no response is required. To the extent a response is required, denied.

114. Paragraph 114 contains legal conclusions to which no response is required. To the extent a response is required, denied.

115. Paragraph 115 contains legal conclusions to which no response is required. To the extent a response is required, denied.

116. Paragraph 116 contains legal conclusions to which no response is required. To the extent a response is required, denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief whatsoever, including as set forth in Paragraphs A – F of Defendant's Prayer for Relief.

## DEFENSES

### FIRST DEFENSE

### (Failure to State a Claim)

Plaintiff's FAC, and each purported cause of action contained therein, fails to state a claim for relief against Defendant.

### SECOND DEFENSE

### (Statute of Limitations)

The causes of action in the FAC are barred in whole or in part to the extent they were not asserted within the applicable statutes of limitation, including without limitation 17 U.S.C. 507.

### THIRD DEFENSE

### (License)

Plaintiff's claims are barred in whole or in part by express or implied licenses, consents, or permissions that Plaintiff or other authorized persons have granted.

### FOURTH DEFENSE

### (DMCA Safe Harbor)

Plaintiff's claims are barred in whole or in part by the safe harbor of the Digital Millenium Copyright Act, 17 U.S.C. 501 *et seq*.

### FIFTH DEFENSE

### (Fair Use)

Plaintiff's claims are barred, in whole or in part, because the acts alleged in the Complaint are not an infringement of copyright, including because the alleged acts are fair use.

### SIXTH DEFENSE

### (Registration)

Plaintiff's claims are barred, in whole or in part, because the copyright registrations

purporting to cover some or all of the works in dispute are invalid and/or do not cover the material alleged to have been infringed.

### SEVENTH DEFENSE

### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### EIGTH DEFENSE

### (Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### NINTH DEFENSE

### (Laches)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### TENTH DEFENSE

### (Lack of Standing)

Plaintiff's claims are barred, in whole or part, because Plaintiff lacks standing to pursue them.

### ELEVENTH DEFENSE

### (Acquiescence/Agreement/Authorization/Ratification)

Plaintiff's claims are barred, in whole or part, because of Plaintiff's acquiescence, agreement, authorization, or ratification of Defendant's alleged conduct.

### TWELFTH DEFENSE

### (Innocent Infringement)

To the extent Plaintiff establishes any act of infringement, that infringement was innocent, allowing for the Court to reduce any award of statutory damages to an amount as low as $200 per work infringed. 17 U.S.C. § 504(c)(2).

### THIRTEENTH DEFENSE

### (No willful infringement)

To the extent Plaintiff establishes any act of infringement, that infringement was not

willful. Internet Archive had and still has the reasonable, sincere belief that its activities are not an infringement of copyright.

### FOURTEENTH DEFENSE
### (Lack of volitional conduct)

Internet Archive did not have the volition required to be liable for copyright infringement.

### FIFTEENTH DEFENSE
### (Waiver)

Plaintiff's claims are barred, in whole or part, by the doctrine of waiver.

### SIXTEENTH DEFENSE
### (Abandonment)

Plaintiff's claims are barred, in whole or part, to the extent the copyrights at issue have been abandoned.

### SEVENTEENTH DEFENSE
### (First Sale Doctrine)

Plaintiff's claims fail, in whole or in part, because Plaintiff is barred by the first sale doctrine, and copyright exhaustion principles, under 17 U.S.C. § 109.

### EIGHTEENTH DEFENSE
### (Limits to Statutory Damages Based on 17 U.S.C. § 504(c)(1))

To the extent Plaintiff establishes any act of infringement, Plaintiff's remedies are limited to the extent Plaintiff asserts works that have either been registered in or sold as a compilation or collective work.

### NINETEENTH DEFENSE
### (Limits to Statutory Damages Based on the Windfall Principle)

To the extent Plaintiff establishes any act of infringement, Plaintiff is at most entitled only to the minimum statutory damages on Plaintiff's claims because Plaintiff cannot substantiate actual damages on a work-by-work basis and because the actual economic value of an individual work is negligible.

### TWENTIETH DEFENSE

### (Due Process and Other Constitutional Limitations)

To the extent Plaintiff seeks damages that are disproportionately higher than compensatory damages, Plaintiff's remedies are limited by the Due Process Clause of the Fifth Amendment.

### TWENTY-FIRST DEFENSE

### (De Minimis)

Plaintiff's claims are barred, in whole or part, because any use of copyrighted material was de minimis.

### TWENTY-SECOND DEFENSE

### (Remittitur)

Plaintiff's claims for damages are subject to remittitur pursuant to 17 U.S.C. 504(c)(2).

### ADDITIONAL DEFENSES

Defendant reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

### PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests the following relief:

1. A judgment in favor of Defendant denying Plaintiff all relief requested in their Complaint in this action and dismissing Plaintiff's Complaint with prejudice.
2. That Defendant be awarded its costs of suit, including reasonable attorney's fees; and
3. That the Court award Defendant such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues so triable.

|  |  |  |
|---|---|---|
| 1 | DATED: February 24, 2026 | Respectfully Submitted, |
| 2 |  | INTERNET ARCHIVE |
| 3 |  |  |
| 4 |  | */s/ Peter M. Routhier* |
|  |  | Peter Routhier (CA SBN 342879) |
| 5 |  | *prouthier@archive.org* |
| 6 |  | Internet Archive |
|  |  | 300 Funston Ave. |
| 7 |  | San Francisco, CA 94118 |
|  |  | Telephone: (415) 561-6767 |
| 8 |  | *Attorney for Defendant* |

Def.'s Answer to Pl.'s First Am. Compl.     - 19 -     Case No: 3:25-cv-10538-RFL