Peter M. Routhier (CA SBN 342879)
*prouthier@archive.org*
Internet Archive
300 Funston Ave.
San Francisco, CA 94118
Telephone: (415) 561-6767

*Attorney for Defendant*
*Internet Archive*

Anthony Martino
P.O. Box 5558
Buffalo Grove, IL 60089
224-900-7695
tonymartinomusic@gmail.com

*Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTHONY MARTINO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>INTERNET ARCHIVE, a California 501(c)(3) non-profit organization,<br><br>Defendant. | Case No. 3:25-cv-10538-RFL<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>**DEMAND FOR JURY TRIAL** |

The parties to the above-entitled action jointly submit this Joint Case Management Statement and Proposed Order pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

## I.    JURISDICTION & SERVICE

This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. § 101 *et seq.* (the Copyright Act), 28 U.S.C. § 1331 (federal questions), and 28 U.S.C. § 1338 (actions arising under Acts of Congress relating to copyrights). Defendant provided Plaintiff with a waiver of service of summons on December 23, 2025 and does not contest venue or jurisdiction in this Court.

## II.   FACTS

### A.    Plaintiff's statement of facts:

Plaintiff is an Illinois-based singer/songwriter and the sole author and copyright registrant of numerous original musical compositions and sound recordings that are the subject of this action. Plaintiff alleges that in March of 2024, he first discovered that Defendant had reproduced, stored, publicly performed, publicly displayed, distributed, and prepared derivative works of his copyrighted works without authorization. This case arises from two separate categories of conduct:

First, in or around March of 2019, the social media platform MySpace.com, publicly announced that due to a server migration error it had lost all of the sound recordings that had been uploaded to its website between the years 2003 and 2010, totaling approximately 50 million lost songs. In or about early April of 2019, one of Defendant's employees publicly stated on his personal Twitter page and other sites that he'd procured approximately 490,000 of the 50 million lost songs from a hard drive that had been solicited and mailed to him from an anonymous academic group that had obtained the recordings from MySpace using unknown means.  Thereafter, Defendant then made the 490,000 MP3 sound recordings publicly available on its own website, which it

titled the "MySpace Dragon Hoard" collection, for free on-demand streaming and free permanent download.  11 of Plaintiff's copyrighted works (sound recordings & embodied musical compositions) were included within that collection and made publicly available for free download and free streaming, and also made available for free streaming and free download separately by other third-parties who had downloaded copies of the works from the Defendant's MySpace Dragon Hoard collection.  Plaintiff alleges that Defendant, through the deliberate actions of its employees and agents, actively coordinated the receipt, ingestion, upload, and public dissemination of that collection. The parties dispute the origin and legality of the collection, the extent of Defendant's involvement in the acquisition and publication of the collection, and the applicability of the DMCA safe harbor.

Second, Plaintiff alleges that Defendant, separately scanned, digitized, reproduced, distributed, and publicly displayed Plaintiff's physical CD liner notes and printed song lyrics containing 48 additional copyrighted works (24 sound recordings and 24 musical compositions). Plaintiff further alleges that Defendant created digital audio files derived from those recordings and downloadable PDF files of the printed materials. Plaintiff contends that these acts were performed by Defendant's employees, contracted moderators, or other individuals operating under Defendant's authority, permission, and direct control using proprietary systems and tools provided to them by Defendant. The parties dispute the extent of Defendant's involvement, the applicability of statutory defenses, and the availability and scope of damages.

## B.    Defendant's statement of facts:

Internet Archive is a federal depository library based in San Francisco, California. As a library and a 501(c)(3) public charity, IA offers its collections to the public free of charge. IA's best-known collection, the Wayback Machine, is an archive of the World Wide Web, but IA has many other collections.

Like the National Archives and other libraries and archives around the world, sometimes "citizen archivists"—users and patrons—participate in the building of IA's collections. When Internet Archive stores files at the direction of these users, it is entitled to protection against claims of copyright infringement under the DMCA safe harbor, 17 U.S.C. 512 *et seq*., as well as to fair use and the other defenses of sections 107 and 108 of the Copyright Act.

This case involves a collection provided by such users. In 2019, MySpace announced that it had lost all of the music uploaded to the site and made publicly accessible there between 2003 and 2015. A group of academics that had saved some of the lost materials uploaded their archive onto the Internet Archive's website. Martino alleges that he owns copyright in certain works that were a part of this collection and that Internet Archive infringed his copyright in them. In a separate claim, he alleges IA infringed his copyright by scanning CDs and their liner notes. There is some confusion and dispute about exactly when and how Martino brought these issues to IA's attention, what works Martino claims to own, and whether and when a proper DMCA take down request was issued. IA has, to its understanding, addressed all of Martino's takedown requests, but Martino continues to press his claim for damages.

## III.   LEGAL ISSUES

Without waiving or conceding any arguments or positions, the Parties have each contributed to the following non-exhaustive list of disputed legal and/or factual issues.

- Whether the Plaintiff asserting the claims owns and/or controls valid and enforceable exclusive rights.
- Whether Defendant qualifies as a "service provider" within the meaning of § 512(c) as to the specific conduct alleged.
- Whether 17 U.S.C. § 507's three-year statute of limitations bars some or all of Plaintiff's claims.

- Whether Defendant directly engaged in infringing conduct independent of any alleged storage "at the direction of a user."
- Whether Defendant's conduct falls within the Digital Millennium Copyright Act's ("DMCA") safe harbor under 17 U.S.C. § 512(c).
- Whether Defendant qualifies for the limitations on liability set forth in 17 U.S.C. § 108 with respect to the conduct alleged.
- Whether Defendants' conduct constitutes fair use under 17 U.S.C. § 107.
- Whether copyright management information associated with Plaintiff's works was removed, altered, or not preserved in connection with Defendant's reproduction and distribution of the works.
- Whether and to what extent Defendants may recover statutory or other damages, including whether Defendants qualify for the mandatory remittitur of statutory damages set forth in 17 U.S.C. § 504(c)(2).
- Whether Defendant's conduct was willful for purposes of 17 U.S.C. § 504(c).

## IV.    MOTIONS

There are no pending motions. Plaintiff filed a Motion asking this Court to authorize alternative service via email (Dkt. No. 9), which this Court denied as moot on January 15, 2026 (Dkt. No. 15). The parties do not currently anticipate motion practice beyond what may become necessary in the discovery process, summary judgment motions, *Daubert* motions, and motions *in limine*.

## V.    AMENDMENT OF PLEADINGS

Plaintiff filed a First Amended Complaint ("FAC") on January 20, 2026. (Dkt. No. 16.) Plaintiff does not presently anticipate further amendment but reserves the right to seek leave to amend should discovery reveal additional facts

relevant to scienter and the already-existing allegations within the FAC concerning Defendant's removal and/or distribution of Plaintiff's works without copyright management information, or other issues that could not reasonably be pled prior to obtaining discovery from Defendant.

The parties agree that the deadline to amend pleadings shall be 60 days after the initial case management conference, consistent with the Court's Standing Order. Plaintiff reserves the right to seek modification of that deadline upon a showing of good cause if discovery relevant to amendment is not reasonably obtainable within that timeframe.

Defendant reserves the right to challenge any further attempt to amend the complaint.

## VI.    EVIDENCE PRESERVATION

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## VII.   DISCLOSURES

The parties have exchanged initial disclosures in accordance with Fed. R. Civ. P. 26(a)(1)(A).

## VIII.  DISCOVERY

The parties do not anticipate the need for additional stipulated orders or discovery plans beyond a potential protective order should discovery into confidential information arise. The parties provide the following summary of anticipated discovery without limitation on further discovery beyond these topics.

**Plaintiff:** Plaintiff anticipates substantial written and oral discovery, including appropriate non-party and expert discovery, however, Plaintiff intends

to conduct discovery in a manner consistent with Rule 26(b)(1)'s proportionality principles.  Given the centrality of Defendant's internal knowledge, decision-making, and operational processes to the claims and defenses in this action, Plaintiff anticipates discovery relating to:

• The origin and transfer of the MySpace Dragon Hoard materials to Defendant, including communications with any third parties relating to their acquisition and publication;

• Defendant's acquisition, ingestion, review, storage, indexing, and publication of the MySpace Dragon Hoard collection, including metrics reflecting public access, downloads, and streaming activity;

• Internal communications concerning copyright status, authorization, licensing, and risk assessment relating to the works and collection at issue;

• Policies, procedures, and technical systems governing ingestion, moderation, and publication of audio and printed materials;

• Metadata associated with the works and the absence, removal, or non-preservation of copyright management information;

• Defendant's digitization, reproduction, and public display of Plaintiff's physical CDs and liner notes, including the tools, software, and processes used in that digitization.

**Defendant:** Defendant anticipates discovery into Plaintiff's claims of copyright ownership, Plaintiff's putative DMCA takedown requests, and Plaintiff's claims for economic harm and damage.

**IX.    CLASS ACTIONS**

Not applicable.

**X.    RELATED CASES**

None.

**XI.    RELIEF**

**A.    Plaintiff:** Plaintiff seeks statutory damages pursuant to 17 U.S.C. §

504(c) for each infringed work, in an amount to be determined by the jury within the statutory range set by law; attorneys' fees and costs pursuant to 17 U.S.C. § 505; pre- and post-judgment interest; permanent injunctive relief prohibiting further infringement; any other relief deemed just and proper.  Plaintiff anticipates that damages will be determined based on the number of works infringed, the willfulness of Defendant's conduct, and other statutory factors.

### B.    Defendant:

Defendant seeks dismissal of Plaintiff's claims with prejudice and with no monetary recovery to Plaintiff of any kind. Defendant anticipates Plaintiff cannot show economic harm. Defendant reserves the right to seek recovery of its attorneys fees. In the event Plaintiff could establish liability and maintain a claim to statutory damages Defendant would seek minimum statutory damages and remittitur.

## XII.  SETTLEMENT AND ADR

The parties had pre-suit correspondence regarding the potential for settlement. Defendant has asked Plaintiff to issue a settlement demand, but as of the date of filing, Plaintiff has not issued a settlement demand. The parties have filed a certification that they intend to stipulate to an ADR process.

## XIII.  OTHER REFERENCES

This case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV.  NARROWING OF ISSUES

The parties discussed but were unable to agree on any plan to bifurcate or narrow the issues. The parties identified **plaintiff's claims to copyright ownership and registration, defendant's claim to entitlement to the DMCA safe harbor** and **the nature and extent of any statutory damages award**, as especially consequential to the case. Plaintiff offered to expedite production of materials related to his ownership and registration to attempt to resolve these

issues. Defendant asked Plaintiff to issue a prompt settlement demand.

## XV.  SCHEDULING

The parties jointly propose the following schedule:

- The parties will file a joint letter updating the court regarding the scheduling of the ADR proceeding by March 31, 2026.
- A further case management conference will take place September 30, 2026.
- The last date to notice depositions shall be September 28, 2026.
- Fact discovery shall be completed by October 30, 2026
- Expert discovery shall be completed by December 4, 2026
- The parties shall serve affirmative expert reports by November 6, 2026
- The parties shall serve rebuttal expert reports by November 27, 2026
- Summary judgment motions and motions to exclude expert testimony shall be heard December 31, 2026
- Pretrial conference: March 29, 2027
- Trial date: April 26, 2027

## XVI.  TRIAL

This case will be tried to a jury. The parties estimate the length of trial will be approximately 3-5 days.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff and Defendant have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. (Dkt. Nos. 4, 13.) Both parties report no persons, firms, partnerships, corporations, or other entities known by the party to have either: (i) a financial interest in the subject matter in

controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

## XVIII.    PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XIX.  OTHER

<u>Documents Received from Non-Parties</u>. Any party that receives documents from a non-party pursuant to a subpoena shall make those documents available to any other party, at the other party's cost.

<u>Service</u>. For all motions and other Court filings, the parties agree to rely on automated service through ECF. For service of documents not filed through ECF, the parties agree to exclusively serve and accept service by email. Upon request, the parties agree to provide Word copies of all discovery requests.


DATED: March 4, 2026


<u>/s/ Anthony Martino</u>
Anthony Martino
*tonymartinomusic@gmail.com*
P.O. Box 5558
Buffalo Grove, IL 60089
Telephone: (224) 900-7695

*Plaintiff*

<u>/s/ Peter M. Routhier</u>
Peter Routhier
*prouthier@archive.org*
Internet Archive
300 Funston Ave.
San Francisco, CA 94118
Telephone: (415) 561-6767

*Attorney for Defendant Internet Archive*

1

## **ATTESTATION**

2        Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I hereby attest

3   that concurrence in the filing of this document has been obtained from all of the

4   signatories above.

5

6        Dated: March 4, 2026                 */s/ Peter M. Routhier*

7

8

9                          *        *        *

10  ## **CASE MANAGEMENT ORDER**

11       The above Joint Case Management Statement & Proposed order is

12  approved as the Case Management Order for this case and all parties shall

13  comply with its provisions.

14

15  IT IS SO ORDERED

16  Dated: _____

17                          RITA F. LIN
                            United States District Judge

18

19

20

21

22

23

24

25

26

27

28